# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRIEDERICH SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13-CV-00057-WDS |
| ) | |
| COBRA TECHNOLOGIES ) | |
| CORPORATION and OPTICAL ) | |
| ROBOTICS, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff Friederich Services, Inc.'s motion to remand (Doc. 14). Defendants Cobra Technologies Corporation and Optical Robotics, LLC removed the case to this Court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441. The diversity of citizenship is not at issue, but plaintiff believes the amount in controversy required for diversity jurisdiction has not been met, and it seeks remand to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.

In December 2011, plaintiff bought a "pipeline video inspection system" and other equipment from defendants. The system is described as a remote-controlled robotic crawler that can collect and analyze data inside sewer pipes. The system began malfunctioning, though, soon after plaintiff purchased it. Among other things, the crawler would flip over (and stop crawling). Plaintiff notified defendants of the malfunctions many times, and defendants tried to replace parts and repair the system until about July 2012, without success. Plaintiff eventually asked defendants to honor the warranty by refunding the purchase price. Defendants have not responded and no longer communicate with plaintiff.

Plaintiff brought this action in state court for breach of contract, fraud, and other claims under Illinois law. Plaintiff alleges that its damages include the $60,000 purchase price for the system, lost income due to the system's repeated failures, and additional costs and attorney's fees incurred trying to enforce its contract with defendants. Plaintiff seeks damages in excess of $50,000, but not to exceed $75,000.

A civil action may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction of civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a), as of when the federal action began, *Meridian Sec. Ins. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938).

The party invoking federal jurisdiction must set out the basis for jurisdiction and prove any contested factual allegation by a preponderance of the evidence. *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011); *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011). When the plaintiff provides little information about the value of its claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *accord Blomberg*, 639 F.3d at 763. The party's burden, in the case of a defendant who removes, is to show "what the plaintiff hopes to get out of the litigation," not that the plaintiff will collect more than $75,000 if it prevails. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("[P]art of the removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands."). This is not a demand for proof, but a pleading requirement. *Blomberg*, 639 F.3d at 763; *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008).

Finally, courts should resolve any doubts about removal in favor of the plaintiff's choice of forum in state court. *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 893 (7th Cir. 2013); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

Here, plaintiff's complaint does not state an amount in controversy. Plaintiff claims damages between $50,000 and $75,000, which include the purchase price of the system ($60,000) and unspecified lost income, costs, and attorney's fees.

Defendants say it is their good-faith belief that plaintiff's damages exceed $75,000. They point out that plaintiff seems to suggest that the purchase price and lost income by themselves are less than $75,000, while plaintiff calls its attorney's fees "minimal." Thus, defendants argue, the purchase price and seven months of lost income must be at or very near $75,000. They conclude that a reasonable estimate of attorney's fees would push the amount over the threshold. Plaintiff's attorney must have met with his client, investigated the facts of this case, corresponded with defendants, made demands, and drafted and filed pleadings; if just 20 hours was spent on those tasks at $250 per hour, defendants say, then about $5,000 should be added to the amount in controversy. Assuming the amount is already close to $75,000, $5,000 should push it over.

The Court is not persuaded. As discussed above, when a plaintiff provides little information about the value of its claims, a good-faith estimate is acceptable if it is plausible and supported by a preponderance of the evidence. The proponent of jurisdiction must "prove facts that determine the amount in controversy," which it might do with, for example, interrogatories, admissions in state court, damages calculations from the plaintiff's complaint, the plaintiff's informal estimates or settlement demands, or affidavits. *Meridian*, 441 F.3d at 541–42. Defendants' estimate here is not supported by any such evidence. They only assume the purchase price and lost income are close to $75,000; specifically, they assume plaintiff's lost income is close to $15,000. But plaintiff does not provide any

3

information about, or basis for estimating, its lost income. Even if the Court were to assume, as defendants do, that plaintiff lost seven months' worth of income, that is not helpful since plaintiff does not say how much it earns in a single month.[1]

The Court therefore **FINDS** that defendants have not met their burden of showing by a preponderance of evidence that the amount in controversy exceeds $75,000. The Court does not have jurisdiction, and therefore plaintiff's motion to remand (Doc. 14) is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.

**IT IS SO ORDERED.**

**DATED: May 15, 2013**

                                                **/s/ WILLIAM D. STIEHL**
                                                  **DISTRICT JUDGE**

---

[1] Plaintiff does not allege that it lost seven months' worth of income, as defendants claim. Plaintiff alleges that defendants replaced or attempted to repair parts on the system for about seven months.